UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW FRANKS and
DOUGLAS BENNETT,

                              Case No. 13-11172
    Plaintiffs,           Hon. Lawrence P. Zatkoff

v.

BANK OF AMERICA, N.A.,
Pasadena, California, BANK OF
AMERICA, N.A., Fort Worth, Texas,
And BANK OF AMERICA, N.A.,
Charlotte, North Carolina,

    Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on  October 15, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendant Bank of America, N.A.'s Motion to Dismiss [dkt 16].[1]  The motion has been fully briefed.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without oral argument.  For the following reasons, Defendant's motion is GRANTED.

---

[1] Plaintiffs mistakenly name Bank of America, N.A. as three distinct defendants, in three separate locations.  Bank of America, N.A., however, is a national banking association with its principal place of business in Charlotte, North Carolina, and naming different locations as separate defendants is superfluous.

## II. BACKGROUND

**A. FACTUAL BACKGROUND**

The instant case involves real property located at 25470 Crocker Blvd., Harrison Township, Michigan 48045 (the "Property"). On or around March 6, 2012, Plaintiff Matthew Franks ("Franks") executed a purchase agreement (the "Agreement") with Defendant Bank of America, N.A. ("BANA") for the purchase of the Property. An addendum to the Agreement was executed by Plaintiff Franks on March 21, 2012, and by Integrated Asset Services—as agent for Defendant BANA—on March 30, 2012. Among other things, the addendum states:

> Notwithstanding any provision to the contrary in the Agreement, [Defendant BANA's] liability and [Plaintiff Franks'] sole and exclusive remedy in all circumstances and for all claims . . . arising out of or relating in any way to the Agreement or the sale of the Property to [Plaintiff Franks] including, but not limited to, [Defendant BANA's] breach or termination of the Agreement . . . shall be limited to no more than:
>
> (A) A return of [Plaintiff Franks'] earnest money deposit if the sale to [Plaintiff Franks] does not close; and
>
> (B) The lesser of [Plaintiff Franks'] actual damages or $5,000.00 if the sale to [Plaintiff Franks'] closes.
>
> . . . .
>
> [Plaintiff Franks] agrees that [Defendant BANA] shall not be liable to [Plaintiff Franks] under any circumstances for any special, consequential, or punitive damages whatsoever, whether in contract, tort . . . or any other legal or equitable principle, theory, or cause of action . . . .

Dkt. # 1, Ex. E.

The Agreement had an original closing date of May 18, 2012, but that date was amended multiple times and ultimately set for August 30, 2012. In the end, the parties never closed on the Property.

**B. PROCEDURAL BACKGROUND**

Plaintiffs,[2] proceeding *pro se*, filed their complaint on March 20, 2013. Though largely incoherent, Plaintiffs' complaint contains a scattered narrative statement that apparently pleads two counts of gross negligence. The complaint also generously cites a host of unrelated federal statutes, constitutional amendments, and cases, none of which appear to be applicable here.[3]

Defendant BANA filed the instant motion to dismiss stating that Plaintiffs' complaint fails to state a claim upon which the Court may grant relief.

## III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *Id.* at 556. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2] Plaintiff Douglas Bennett ("Bennett") claims an interest in this case through Plaintiff Franks' "assignment of claim." Yet, Plaintiffs fail to provide the Court with documentation of this alleged assignment. Nonetheless, and to the extent that Plaintiff Bennett claims he has a valid interest in this case, the Court's Opinion and Order applies with equal force to Plaintiff Bennett.

[3] In fact, Plaintiffs' instant complaint is strikingly similar to the one they filed in a related case, which was previously dismissed by the undersigned. *See Franks, et al. v. Re/Max Associates, et al.*, No. 12-15038, 2013 WL 4556224 (E.D. Mich. Aug. 28, 2013).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

## IV. ANALYSIS

### A. MOTION TO DISMISS

Even accepting all factual allegations in Plaintiffs' complaint as true, the Court finds that Plaintiffs have failed to state a claim upon which the Court may grant relief. As such, Plaintiffs' complaint must be dismissed.

Defendant BANA principally argues that the existence of the Agreement—an express contract—bars Plaintiffs' claims. Because the parties' relationship is purely contractual, Defendant BANA contends, Plaintiffs' tort claims are precluded by (1) the economic loss doctrine and (2) the unequivocal terms of the Agreement itself. The Court agrees.

Michigan courts distinguish between tort and contract actions: "'Where the cause of action arises merely from a breach of promise, the action is in contract. The action of tort has for its foundation the negligence of the defendant, and this means more than a mere breach of a promise.'" *Corl v. Huron Castings, Inc.*, 544 N.W.2d 278, 280 n. 10 (Mich. 1996) (citing *Hart v. Ludwig*, 79 N.W.2d 895, 897 (Mich. 1956) (citation omitted)). *See Rinaldo's Constr. Corp. v. Michigan Bell Tel. Co.*, 559 N.W.2d 647, 658 (Mich. 1997) ("In other words, the threshold inquiry is whether the plaintiff alleges violation of a legal duty separate and distinct from the contractual obligation."). The dichotomy between tort and contract actions has legal bite through application of the economic loss doctrine, which prevents a party from recovering in tort economic losses suffered because of a breach of duty assumed only by contract.

*Rinaldo's Constr.*, 559 N.W. 2d at 658; *Neibarger v. Universal Coops., Inc.*, 486 N.W.2d 612, 617–18 (Mich. 1992).

Here, it is beyond dispute that Plaintiffs set forth no allegations or factual context to take this case outside the confines of the general rule barring tort claims in an action based on breach of contract. The relationship between Plaintiffs and Defendant BANA existed solely by virtue of the Agreement and thus any duty on behalf of Defendant BANA arose pursuant to the Agreement. Plaintiffs have wholly failed to plead any duty that is "separate and distinct" from Defendant BANA's contractual obligations. As such, the Court dismisses Counts I and II of Plaintiffs' complaint.

Assuming, *arguendo*, that the economic loss doctrine did not bar Plaintiffs' claims, dismissal of Plaintiffs' complaint is nevertheless proper. The express terms of the addendum to the Agreement read, in part, as follows: "[Plaintiff Franks] agrees that [Defendant BANA] shall not be liable to [Plaintiff Franks] under any circumstances for any special, consequential, or punitive damages whatsoever, whether in contract, tort . . . or any other legal or equitable principle, theory, or cause of action . . . ." Dkt. # 1, Ex. E. As this provision dictates, Plaintiffs are barred from obtaining the relief sought in their complaint and any attempt to circumvent the unambiguous language of the Agreement is disingenuous. Thus, dismissal of Plaintiffs' complaint is likewise warranted based on the terms of the parties' mutually executed Agreement.

### B. MOTION TO STRIKE

Defendant BANA also filed a motion to strike Plaintiffs' second response to Defendant BANA's motion to dismiss. Plaintiffs filed a second response to the motion to dismiss on July 2, 2013, without seeking leave from the Court before doing so. Thus, to the extent that Defendant BANA requests that the Court strike Plaintiffs' second response as impermissible and untimely, the Court grants Defendant BANA's motion to strike and orders that Plaintiffs' second response be stricken from the docket.

## V. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Defendant BANA's Motion to Dismiss [dkt 16] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' complaint is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant BANA's Motion to Strike [dkt 24] is GRANTED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff  
Hon. Lawrence P. Zatkoff  
U.S. District Judge

Dated: October 15, 2013